STATE OF NORTH CAROLINA v. JERRY FRANKLIN McGILL, Defendant

No. 9325SC833

(Filed 19 April 1994)

1. **Automobiles and Other Vehicles § 813 (NCI4th) — driving while impaired — right to pre-arrest test — not requested**

     The contention of a defendant in a driving while impaired prosecution that he was denied his statutory rights to a pre-

STATE v. McGILL

[114 N.C. App. 479 (1994)]

arrest test was without merit. Although a person stopped for investigation of an implied consent offense may request a chemical analysis before any arrest or charge is made, defendant did not make such a request. The Court of Appeals agreed with the State that the arresting officer did not have a duty to inform defendant of his pre-arrest right to a chemical analysis.

**Am Jur 2d, Automobiles and Highway Traffic §§ 302, 305-308.**

**Driving while intoxicated: duty of law enforcement officer to offer suspect chemical sobriety test under implied consent law. 95 ALR3d 710.**

2. **Criminal Law § 1493 (NCI4th)— driving while impaired— condition of probation—Alcoholics Anonymous—reasonably related to rehabilitation**

The trial court did not err when sentencing defendant for driving while impaired by requiring as a special condition of probation that defendant attend Alcoholics Anonymous meetings at least two times per week during the period of his supervised probation and provide his probation officer with verification of such attendance. Although defendant contends that this condition violated N.C.G.S. § 20-179(m) in several respects, Alcoholics Anonymous is a support group rather than a treatment program and was reasonably related to defendant's rehabilitation. The trial court could properly require as a special condition of probation that defendant satisfy any conditions determined by the court to be reasonably related to rehabilitation. N.C.G.S. § 15A-1343(b1)(10).

**Am Jur 2d, Criminal law §§ 570-576.**

Appeal by defendant from judgment entered 10 June 1993 by Judge James C. Davis in Catawba County Superior Court. Heard in the Court of Appeals 11 April 1994.

*Attorney General Michael F. Easley, by Associate Attorney General Robert T. Hargett, for the State.*

*Sigmon, Sigmon, and Isenhower, by W. Gene Sigmon, for defendant-appellant.*

STATE v. McGILL

[114 N.C. App. 479 (1994)]

JOHNSON, Judge.

Defendant Jerry Franklin McGill was charged on 14 October 1991 with driving while subject to an impairing substance in violation of North Carolina General Statutes § 20-138.1 (1993). Defendant was tried and convicted in district court. Appealing to superior court, defendant entered a plea of not guilty and the case was tried at the 6 June 1993 session of Catawba County Superior Court.

Evidence presented at trial showed the following: At approximately 8:20 p.m. on 14 October 1991, Raymond Griffin, a trooper with the North Carolina Highway Patrol, observed a 1978 Ford pickup truck turning from NC 150 onto East Maiden Road in or near Newton, North Carolina. While turning, the pickup truck came within one foot of hitting Trooper Griffin's stationary vehicle. Trooper Griffin observed the pickup truck in his rear view mirror as it passed his vehicle and noticed that the pickup truck crossed the center line two times as it traveled out of his sight. Trooper Griffin turned his vehicle around in the intersection and caught up with the pickup truck as it turned into a driveway.

Trooper Griffin approached defendant, the driver of the pickup truck, and asked for his driver's license and registration. Defendant had a moderate odor of alcohol about his person, mainly coming from his breath, and his speech was mumbled. Trooper Griffin observed defendant as he walked to the patrol car and noticed that he was unsteady on his feet.

Trooper Griffin transported defendant to jail for the purpose of administering a chemical analysis of defendant's breath. While at jail, Trooper Griffin asked defendant to perform several field sobriety tests. The first test was a one leg stand, where defendant was asked to stand with his arms to his side, to put one foot in front of the other, and to count to 101. Defendant counted to twenty and was wobbly and leaning. Defendant then performed a sway test where he was asked to stand with both feet together and his hands to his side, and to lean his head back and close his eyes. During this test, he leaned and swayed forward. Trooper Griffin then asked defendant to perform a finger to nose test requiring defendant to place his arms at his side, then to extend his arms and touch his nose with his index finger. Defendant performed this unsatisfactorily, placing his right hand to the side of his nose instead of to the tip of his nose.

Trooper Don Fleetwood performed a chemical analysis of defendant's breath to determine the alcohol concentration. Trooper Fleetwood testified that he was a certified chemical analyst and had worked in law enforcement with the Highway Patrol for many years. The results of the test showed that defendant had an alcohol concentration of 0.11.

At the close of all of the evidence, defendant was convicted of driving while impaired. The trial court sentenced defendant to a level three punishment pursuant to North Carolina General Statutes § 20-179(i) (1993) and also required defendant to attend Alcoholics Anonymous two times per week for the period of his supervised probation. From this verdict and judgment, defendant appeals to our Court.

[1] Defendant first argues the trial court committed reversible error in failing to receive evidence that defendant was denied his statutory rights to a pre-arrest test. The State argues that the arresting officer in this case did not have a duty to inform defendant of his pre-arrest right to a chemical analysis of his breath and further, that such evidence was irrelevant and properly excluded from trial. We agree with the State.

Defendant correctly points out that "[a] person stopped or questioned by a law-enforcement officer who is investigating whether the person may have committed an implied-consent offense may request the administration of a chemical analysis before any arrest or other charge is made for the offense." North Carolina General Statutes § 20-16.2(i) (1993). However, in the case *sub judice*, defendant did not request the administration of a chemical analysis before the arrest or charge was made for driving while subject to an impairing substance. North Carolina General Statutes § 20-16.2(a) (1993) was the applicable portion of the statute in the instant case, stating that "[a]ny person who drives a vehicle on a highway or public vehicular area thereby gives consent to a chemical analysis if charged with an implied-consent offense." Defendant's argument is, therefore, meritless.

Defendant next argues the trial court erred in limiting defendant's right of cross-examination of the witnesses appearing against him. We have carefully reviewed the testimony of all of the witnesses cross-examined by defendant and find that the trial judge appropriately ruled on all objections and matters pertaining to such cross-

examination. We therefore reject defendant's argument as to these assignments of error.

[2] Defendant last argues the trial court erred in requiring as a special condition of probation that defendant attend Alcoholics Anonymous meetings during the period of his supervised probation at least two times per week, and further requiring that defendant provide his probation officer with verification of such attendance.

Defendant notes that North Carolina General Statutes § 20-179(m) (1993) states in pertinent part:

[i]f a defendant being sentenced under this section is placed on probation, he shall be required as a condition of that probation to obtain a substance abuse assessment. . . . If the assessing agency recommends that the defendant participate in a treatment program, the judge may require the defendant to do so, and he shall require the defendant to execute a Release of Information authorizing the treatment agency to report his progress to the Court or the Department of Correction. . . . An order of the court shall not require the defendant to participate in any treatment program for more than 90 days unless a longer treatment program is recommended by the assessing agency and his alcohol concentration was .15 or greater as indicated by a chemical analysis taken when he was charged or this was a second or subsequent offense within five years.

Relying on North Carolina General Statutes § 20-179(m), defendant argues that the trial court erred because no assessing agency recommended that defendant participate in a treatment program. Defendant further argues that the trial court was not permitted to require defendant to attend Alcoholics Anonymous for a period exceeding 90 days because a longer treatment program was not recommended by an assessing agency and because defendant's alcohol concentration was not .15 or greater and the offense was not a second or subsequent offense within five years.

We disagree with defendant. Defendant incorrectly characterizes Alcoholics Anonymous as a "treatment program," when it is, in fact, a support group for recovering alcoholics. As a special condition of probation, the trial court could properly require defendant to "[s]atisfy any . . . conditions determined by the court to be reasonably related to [defendant's] rehabilitation." North Carolina

General Statutes § 15A-1343(b1)(10) (Cum. Supp. 1993). The requirement that defendant attend Alcoholics Anonymous meetings during the period of his supervised probation at least two times per week and that defendant provide his probation officer with verification of such attendance is reasonably related to defendant's rehabilitation.

Therefore, in the trial of defendant's case, we find no error.

Judges WELLS and JOHN concur.